UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KEITH L. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 16-4075 |
| DR. KUL B. SOOD, *et al.* | ) ) ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need.  The matter comes before this Court for merit review under 28 U.S.C. §1915A.  In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff is currently incarcerated at Hill Correctional Center ("Hill") and has been since 2009. Plaintiff has named the following defendants: Defendant Sood is a physician; Defendant Carter is an eye doctor; Defendant Lindorff is the Health Care Administrator; and, Defendant Wexford Health Sources, Inc. is the corporation contracted to provide medical services at Illinois prisons.

Plaintiff alleges that he was diagnosed with glaucoma in 1995 and was subsequently prescribed eye drops to treat the condition. Plaintiff alleges that the eye drops were discontinued in 2003. Plaintiff alleges that the eye drops caused fungus growth in his ears, on his toes, and in his eyes. Plaintiff alleges he has experienced loss of long-range vision and hearing problems since. According to Plaintiff, the Defendants attempts to treat his conditions have been ineffective and an examination by an outside medical specialist confirmed that Plaintiff was misdiagnosed with glaucoma.

## ANALYSIS

Inmates are entitled to adequate medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. McDonald v. Hardy, -- F.3d --, 2016 WL 2641942, at *4 (7th Cir. 2016) (citing Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014), and Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008)). Rather, liability attaches when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff has sufficiently alleged that he suffers from an objectively serious medical need. See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotations omitted)).

Plaintiff's allegations suggest that he has received at least some medical treatment for his alleged conditions. Even so, Plaintiff could plausibly succeed on a constitutional claim if the Defendants persisted in a treatment known to be ineffective or if the medical providers made treatment decisions based on factors outside the realm of accepted professional judgment. See, e.g., Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010) ("Although the doctor did not completely ignore plaintiff's pain, a doctor's choice of the 'easier and less efficacious treatment' for an objectively serious medical condition can still amount to deliberate indifference for purposes of the Eighth Amendment…medical personnel cannot simply resort to an easier course of treatment that they know is ineffective."). At this stage, the Court does not know what factors, if any, were considered when treatment decisions were made—these questions are best resolved through the discovery process. See Arnett v. Webster, 658 F.3d 742, 754-55 (7th Cir. 2011). Therefore, the Court cannot rule out a constitutional claim.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claim: Eighth Amendment claim for deliberate**

indifference to a serious medical need.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2)    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    4)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court

does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

      6)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

      7)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

      8)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      9)    If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      10)    Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is

directed to sign and return the authorization to Defendants' counsel.

11)   The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, <u>if not already done</u>, and to attempt service on Defendants pursuant to the standard procedures.

ENTERED:     June 17, 2016

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE